Mrs. Widow John Patannie—      No. 7 8 6 7.

      —vs—            Court of Appeal.

N. O. Railway & Light Co.    Parish of Orleans.
and National Surety Co.

Dinkelspiel, J.

Dinkelspiel. J.

Plaintiff claims damages in the sum of two thousand dollars for personal injuries sustained by her, on March 12th. 1919, based upon the negligent operation of a car belonging to defendant company, operating on the Broad Street line. The charge of negligence being that the car was suddenly started while plaintiff was alighting therefrom at the Corner of Broad and D'Abadie Sts., causing her to fall and thereby sustaining severe injuries to her body.

To this petition, both defendants, the New Orleans Railway and Light Company and the National Surety Company, adopt the same answer, claiming that plaintiff, whilst on the car, and before it had come to a full stop at the proper crossing, following a passenger, stepped from the slowing moving car when it was about five feet from its regular stopping place; the car did not jolt nor did the Conductor signal the car to be started whilst plaintiff was getting out.

On the one hand, it is contended, that beleiving that the bell had been rung for the car to stop, following a passenger who had gotten off the moving car, she, plaintiff, with her foot on the steps, on the eve of alighting, hearing the bell ring, the car started jolting her violently, causing injuries to her entire system, from which she suffered for several weeks and up to the time of the trial was still not a well woman; that she was advanced in age, 57 years of age, and in every respect was withoutt fault, and that the company alone, and it's surety, was wholly at fault, absolutely negligent, hence liable for the sufferings for which she prays she be awarded the sum of Two thousand dollars.

To this defendants answer denying all the allegations contained in the petition, asserting that if plaintiff was injured it was through her own fault entirely and not through any negligence or fault of defendants.

In all character of cases of this class the evidence is conflicting, but in this case we are confronted with but one witness the plaintiff herself. She asserts the fact of her injury, and as stated by her amongst other allegations in her petition the fact that she in nowise contribute to the cause of her injury, but on the contrary, beleiving the car had come to a stop, she was on the eve of alighting on the bottom step with her foot firmly fixed and her hands on the hanls of the step of the car when suddenly the car swerved and jolted which caused her to loose her balance, falling on the pavement, and hurt particularly her back, spine and other portions of her body, and caused her to be laid up for weeks; whilst testifying to that, comparatively looking well, she could do no work of any kind or character which she formally did about her house or otherwise.

Except for the fact that her daughter who happened to be riding in the same car, but who had gotten out a block ahead of her mother, witness, therefore did not see the accident, but heard of it afterwards, visited her mother, found her in bed and knew that she had been severely injured, from which injuries she was still suffering whilst this case was being tried. The husband of the daughter also testified substan-tially to the injury, but knew nothing at all about the accident one way or the other.

The Doctor who attended plaintiff was not called as a witness. On the other hand defendant company had

118

several witnesses. Of course, most of them were employees of defendant, particularly the conductor, and they testified, in every respect, contrary to plaintiff, that is what she swore to, and on the other hand, contradicted her in every materail statement given by her. The conductor positively swears taat he only rang the bell for the one stop, and that a passenger alighted whilst the car was in very slow motion as is frequently done by male passengers and sometimes by female passengers, even children as we know, and he saw plaintiff, whilst the car was in motion immeadiately behind a passenger who jumped off and tae accident or incident, whichever it might be termed, happened in the way he describes. In this he is born out by a witness noti in the defendants employ, whose statement of fact not. being present in Court was accepted by both parties, and he firmly establishes just what the conductor swore to.

Whilst it is true the authorities presented by plaintiff's Counsel are absolutely relevant and in point in so far as they go, but unfortunately for plaintiff, the facts do not bear them out in our opinion. On the contrary we are decidedly and firmly of the opinion that plaintiff has failed absolutely to make out a case as against the defendants, and we agree with his Honor, the Judge a quo who found for defendants.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be, and the same is hereby affirmed with costs of both Courts to be paid by plaintiff.

-Judgment Affirmed-

----

A Street Railway Co is not obliged to be on guard against that which is unknown not reasonably to be expected, and in case of anaccident, as to whether or not it did its duty, is to be determined in part, by that which it knew of the nature of the place of the accident and of the number of people, adults and children, making use of the street where such accident occured. 36 Cyc. page 1472, quoting numerous authorities.